# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0512, <u>Appeal of Town of Hampton</u>, the court on July 23, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, the Town of Hampton (town), appeals a decision of the New Hampshire Public Utilities Commission (commission) dismissing its complaint against the defendant, Aquarion Water Company (Aquarion).[1] The town argues that the commission erred in dismissing its complaint without an investigation or hearing. <u>See</u> RSA 365:4 (2009). The town also argues that the commission erred in concluding that Aquarion is not responsible for clearing snow from public fire hydrants. We affirm.

RSA chapter 541 governs our review of commission decisions. <u>Appeal of Lakes Region Water Co.</u>, 171 N.H. 515, 517 (2018). Under RSA 541:13 (2007), we will not set aside the commission's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. <u>Id</u>. The commission's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13. In reviewing the commission's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. <u>Appeal of Pennichuck Water Works</u>, 160 N.H. 18, 26 (2010). We review the commission's rulings on issues of law <u>de</u> <u>novo</u>. <u>Id</u>.

RSA 365:1 (2009) provides that a person may complain to the commission regarding any act claimed to have been done by a public utility "in violation of any provision of law, or of the terms and conditions of its franchises or charter, or of any order of the commission." On March 26, 2019, the town complained to the commission that Aquarion, a public utility supplying water service to parts of the town, had been earning returns on equity for the years 2013 to 2017 that exceeded its authorized rate of return. The town sought an order requiring the utility to pay reparations. <u>See</u> RSA 365:29 (2009). The town also sought an order requiring the utility to clear snow from public fire hydrants. Aquarion responded that it did not charge more than the rates set by the commission in 2013, with approved adjustments, and that it was not responsible for removing snow from public fire hydrants.

---

[1] The Town of North Hampton, as intervenor, joins in the appeal.

RSA 365:4 provides that, if the charges in the complaint are not satisfied by the utility, "and it shall appear to the commission that there are reasonable grounds therefor, it shall investigate." The commission, "after notice and hearing," may then "take such action within its powers as the facts justify." RSA 365:4. In this case, the commission found "no basis for the complainant's dispute and no need for an independent investigation," stating that the town "has not demonstrated a violation of law, the terms and conditions of Aquarion's franchise or charter, or a Commission order."

On appeal, the town first argues that the commission erred in dismissing its complaint because, according to the commission's own audit staff, Aquarion's actual returns on equity for the years 2013 through 2017 exceeded the rate of return authorized by the commission in 2013. Thus, the town argues, there are reasonable grounds for investigation. In its order, the commission implicitly acknowledged that Aquarion's actual returns on equity had exceeded its authorized rate of return. However, the commission also noted that the return on equity "was only an input into the Commission's calculations of the rates the Commission set for the Company." See New Eng. Tel. & Tel. Co. v. State, 104 N.H. 229, 232 (1962) (noting that the authorized rate of return "marks the minimum rate of return to which the company is lawfully entitled" (quotation omitted)). The commission ruled that "examining the individual issue" of Aquarion's rate of return "outside the context of setting appropriate rates leads to single-issue ratemaking," which it "does not favor." The commission ruled that "[t]he preferred mechanism to address the issue of overearning or underearning by a utility is a full rate proceeding."

With regard to public fire hydrants, the commission found that, although Aquarion was required to maintain the fire hydrants, no law, rule, tariff, or contract required the utility to remove snow from the hydrants.

The town argues that the commission's policy disfavoring "single-issue ratemaking" is not a proper basis for dismissing its complaint because the policy is "not embodied in any statute or rule." The record shows that, in 2019, the parties entered into a settlement agreement pursuant to which Aquarion agreed to file a full rate case no later than 2020. The record also shows that Aquarion did, in fact, file a full rate case in 2020, which is now pending. We note that the town has intervened in the pending rate case, raising the same issues it raised in its complaint in this case. We also note that the parties do not dispute that Aquarion did not include snow removal in its estimated cost of providing fire protection service to the town. We conclude that the commission's decision to address the town's issues as part of the pending rate case is neither unjust nor unreasonable. See Appeal of Lakes Region Water Co., 171 N.H. at 517.

The town argues that, notwithstanding the pending rate case, dismissal of its complaint was improper because RSA 365:29 authorizes the commission to order the utility to pay reparations for any "illegal or unjustly discriminatory rate, fare charge, or price." The town argues that Aquarion owes its customers reparations for having charged excessive rates. The town also argues that the commission was required to act on its complaint pursuant to RSA 378:7 (2009), which provides that "[w]henever the commission shall be of opinion, after a hearing had upon its own motion or upon complaint, that the rates, fares or charges demanded or collected" by a public utility are "unjust or unreasonable," it "shall determine the just and reasonable or lawful rates." The commission found no evidence, however, that Aquarion "violated its tariff or charged illegal rates." The town does not dispute that Aquarion has been charging the rates that were authorized by the commission in 2013, with approved annual adjustments.

Based upon our review of the record, we conclude that none of the statutes cited by the town compelled the commission to investigate or hold a hearing on its complaint, and that the town has not met its burden to prove that the commission's order is unjust or unreasonable. See Appeal of Lakes Region Water Co., 171 N.H. at 517.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3